**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANCE EVANS McGEE,<br>    Plaintiff,<br>  v.<br>NEVADA STATE PRISON OR<br>NEVADA DEPARTMENT OF<br>PRISONS,<br>    Defendant.<br>_____ | No. C 08-2693 MMC (PR)<br><br>**ORDER OF TRANSFER**<br><br>**(Docket No. 2)** |

    On May 28, 2008, plaintiff, a California prisoner proceeding pro se, filed the above-titled civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges he was unlawfully imprisoned in a Nevada state prison from August 2006 until March 2007, in violation of his constitutional rights. Plaintiff further alleges that he sought relief from the Nevada Supreme Court, but his claims were dismissed as moot because he had been released from prison. By way of the instant action, plaintiff seeks monetary damages for his false imprisonment and documents from the Nevada Supreme Court pertaining thereto.

    Venue may be raised by the court sua sponte where the defendant has not filed a responsive pleading and the time for doing so has not run. See Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986). When jurisdiction is not founded solely on diversity, venue is proper in (1) the district in which any defendant resides, if all of the defendants reside in the

**United States District Court**
*For the Northern District of California*

1  same state; (2) the district in which a substantial part of the events or omissions giving rise to
2  the claim occurred, or a substantial part of the property that is the subject of the action is
3  situated; or (3) a judicial district in which any defendant may be found, if there is no district
4  in which the action may otherwise be brought. See 28 U.S.C. § 1391(b).  When venue is
5  improper, the district court has the discretion to either dismiss the case or transfer it "in the
6  interest of justice."  See 28 U.S.C. § 1406(a).

7  It is clear from the complaint that plaintiff's claims arise out of actions alleged to have
8  been committed in Nevada by Nevada state employees.  As a result, venue is proper in the
9  District of Nevada, not in the Northern District of California.

10  Accordingly, in the interest of justice, the above-titled action is hereby
11  TRANSFERRED to the United States District Court for the District of Nevada.  See
12  28 U.S.C. § 101.  In light of the transfer, this Court will defer to the District of Nevada with
13  respect to plaintiff's application to proceed in forma pauperis.

14  The Clerk shall close the file and terminate Docket No. 2 on this Court's docket.

15  IT IS SO ORDERED.

16  DATED: June 9, 2008

17  _____
    MAXINE M. CHESNEY
    United States District Judge

2